UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Peter Wood, ) | Civil Action No.: 4:17-cv-02749-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Melissa Fanslau, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is a negligence action arising out of an automobile collision between the parties. This matter is before the Court on Plaintiff's motion for summary judgment. *See* ECF No. 26. For the reasons set forth below, the Court grants in part and denies in part the motion.[1]

**Background**

On August 18, 2015, Plaintiff, Peter Wood, and Defendant, Melissa Fanslau, were driving southbound on Interstate 95 through Dillon County, South Carolina in their respective vehicles. Pl.'s Mot. for Summ. J. at 1; Compl. at ¶ 7 [ECF No. 1-1]; Answer at ¶ 7 [ECF No. 1-2]. Plaintiff alleges that Defendant made an improper lane change in her 2013 Hyundai sedan, striking Plaintiff's 2014 Volvo tractor-trailer and injuring Plaintiff. Compl. at ¶¶ 6–8.

Defendant does not deny that her vehicle collided with Plaintiff's. Fanslau Dep. at 17:7–17 [ECF No. 26-3]. However, she does not recall the accident and believes she lost consciousness during or prior to the collision due to a medical condition. Def.'s Mem. in Opp'n at 1 [ECF No. 27]; Fanslau Dep. at 7:12–16, 10:5–15. The collision was witnessed by another driver, Jerome Watson, as he traveled behind the parties. Watson Dep. at 5:15–6:24, 10:15–17 [ECF No. 26-1]. In his deposition,

---

[1] Pursuant to Local Civil Rule 7.08 (D.S.C.), the Court dispenses with a hearing on the motion for summary judgment.

Watson states that Defendant traveled in the left lane directly in front of him while Plaintiff traveled in the right lane. Watson Dep. at 5:17–6:4, 10:11–14. The parties do not dispute the respective positions of their vehicles before the collision. Wood Dep. at 22:19–22 [ECF Nos. 26-2 & 27-1]; Fanslau Dep. at 17:12–17. Watson states he observed Defendant attempt to move into the right lane, misjudge the speed of Plaintiff's tractor-trailer, and contact the left two wheels of Plaintiff's tractor-trailer, causing significant damage. Watson Dep. at 5:15–6:12; 7:6–8. In Plaintiff's deposition, he recounts the collision from the impact but did not observe the moments leading up to the collision. Wood Dep. at 16:10–17:10. Defendant disputes Watson's version of the collision, stating in her deposition that she believes she was in her lane of travel when the collision occurred. Fanslau Dep. at 17:18–21. Otherwise, she has no recollection of the actual collision due to her loss of consciousness. Fanslau Dep. at 18:2–13. Plaintiff also stated in his deposition that immediately after the accident, Defendant told him she had fallen asleep. Wood Dep. at 22:11–15.

On July 17, 2017, Plaintiff filed suit against Defendant in the South Carolina Court of Common Pleas for Dillon County, bringing a cause of action for "negligence/gross negligence," seeking actual and punitive damages for "pain and suffering; medical expenses; trauma; loss of enjoyment of life; lost wages; permanent impairment; annoyance and inconvenience and travel and other damages[.]" Compl. at 2–3. In her answer, Defendant raises several defenses, including: (1) comparative negligence; (2) unexpected emergency; and (3) unavoidable accident. Answer at ¶¶ 15–20. On October 11, 2017, Defendant timely removed the case to federal court under diversity jurisdiction. *See* Notice of Removal [ECF No. 1]. On July 10, 2018, Plaintiff filed the instant motion for summary judgment. On July 24, 2018, Defendant filed a response in opposition, and on July 31, 2018, Plaintiff filed a reply thereto. [ECF No. 28]. The matter is now ripe for the Court's consideration.

## **Legal Standard**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The moving party has the burden of showing "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the movant makes this showing, the opposing party must "go beyond the pleadings" to evince "specific facts showing . . . a genuine issue for trial." *Id.* at 324. A genuine issue of material fact—one "that might affect the outcome of the suit"—exists if, in viewing the record and all reasonable inferences drawn in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex*, 477 U.S. at 322. "[A]ll that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249 (citation omitted). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48.

The Court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251–52. The Court should not grant summary judgment "unless the entire record shows a right to

judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." *Campbell v. Hewitt, Coleman & Assocs, Inc.*, 21 F.3d 52, 55 (4th Cir. 1994) (citation omitted). In ruling on a motion for summary judgment, the Court must not resolve disputed facts, weigh the evidence, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995) (citation omitted), or make determinations of credibility. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Inferences "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

## **Discussion**

Plaintiff moves for summary judgment[2] as to: (1) the issues of duty and breach, leaving proximate cause and damages for the jury; (2) Defendant's second defense of comparative negligence; (3) Defendant's third defense of unexpected emergency; and (4) Defendant's fourth defense of unavoidable accident. Pl.'s Mot. for Summ. J. at 1. In other words, Plaintiff asks the Court to definitively rule—prior to trial—first, in his favor on two of the four elements of his negligence/gross negligence claim, and second, to rule against Defendant on three of her defenses, challenging the evidentiary sufficiency of the defenses.

### **I. Duty and Breach**

In South Carolina, to prevail on a negligence claim, a plaintiff must prove: (1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; (3) the breach

---

[2] Despite Plaintiff's caption, the motion at issue is really one for partial summary judgment. A ruling in Plaintiff's favor may delimit the issues for trial but does not represent a complete adjudication of all aspects of the case. *See* Fed. R. Civ. P. 56(g) ("If the court does not grant all relief requested by the motion, it may enter an order stating any material fact–including an item of damages or other relief-that is not genuinely in dispute and treating the fact as established in the case.").

4

was the actual and proximate cause of the plaintiff's injury; and (4) damages sustained by the plaintiff. *Andrade v. Johnson*, 588 S.E.2d 588, 592 (S.C. 2003) (citation omitted). Gross negligence—"the failure to exercise slight care"—"is a relative term, and means the absence of care that is necessary under the circumstances." *Doe v. Greenville Cnty. Sch. Dist.*, 651 S.E.2d 305, 309 (S.C. 2007) (citations omitted). It is synonymously defined as "the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Id.* (citation omitted).

In a negligence action, "[t]he existence of a duty owed is a question of law" for the Court to decide. *Houck v. State Farm Fire & Cas. Ins. Co.*, 620 S.E.2d 326, 329 (S.C. 2005) (citations omitted). In the context of an automobile collision, "[p]arties have a duty to keep a reasonable lookout to avoid hazards on the highway." *Fettler v. Gentner*, 722 S.E.2d 26, 29 (S.C. Ct. App. 2012) (citing *Thomasko v. Poole*, 561 S.E.2d 597, 599 (S.C. 2002)). "Each driver must exercise due care under the circumstances." *Id.* (citing *Still v. Blake*, 177 S.E.2d 469, 474 (S.C. 1970)); *see also* S.C. Code § 56-5-1520 ("A person shall not drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing."). When resolving issues of negligence and comparative negligence arising out of a collision between vehicles traveling in the same direction, the South Carolina Supreme Court has "held that a leading vehicle has no absolute legal position superior to that of the one following." *Id.* (citing *Still*, 177 S.E.2d at 473–74). Generally, "the driver of the leading vehicle is required to make reasonable observations under the circumstances to determine that the particular movement of his vehicle, such as turning, slowing up, or stopping can be made with safety to others, and to give adequate warning or signal of his intentions." *Id.* (citing *Still*, 177 S.E.2d at 474). "The driver of the following vehicle owes a

5

reciprocal duty to keep his vehicle under reasonable control and not to follow too closely." *Id.* (citing *Still*, 177 S.E.2d at 474).

At this juncture of the case, from the parties' memoranda and the evidence cited therein, the precise circumstances of the collision are not clear. For example, it is disputed: whether Defendant accidentally drifted from her lane into Plaintiff's, or vice versa, or whether she was intentionally changing lanes; whether Defendant fell asleep or lost consciousness due to a medical emergency, and, if so, whether it occurred before or during the collision. South Carolina law prescribes certain rules and duties that depend on the location and speed of the respective vehicles combined with the circumstances at the time of a collision. *See, e.g.*, S.C. Code § 56-5-1520 ("General rules as to maximum speed limits"); S.C. Code § 56-5-1840 ("Overtaking and passing vehicles proceeding in the same direction"); S.C. Code § 56-5-1850 ("When passing on the right is permitted"); S.C. Code § 56-5-1860 ("Limitations on overtaking on the left"). Whether these statutes were violated "is typically a question of fact for the jury." *Cooper by Cooper v. Cnty. of Florence*, 412 S.E.2d 417, 418 (S.C. 1991) (citations omitted). "Causative violation of an applicable statute is evidence of recklessness, willfulness, and wantonness[,]" and "the question of recklessness, willfulness, or wantonness is ordinarily a question for the jury." *Id.* (citations omitted).

Accordingly, in this case, the Court leaves to the jury these various questions related to duty that may arise at trial: whether the parties violated applicable motorist statutes; if a statute was indeed violated, whether these violations, in addition to other evidence, amounts to negligence or gross negligence; and if a party's conduct is deemed negligent, whether that conduct was the proximate cause of Plaintiff's injuries. *See Cooper by Cooper*, 412 S.E.2d at 419 (holding that jury should have been allowed to determine these questions in an automobile accident case). As motorists, the parties owed

6

each other a general duty of care "to exercise due care under the circumstances[,]" *Fettler*, 722 S.E.2d at 599; however, beyond stating general duties motorists have in South Carolina, the Court declines to definitively rule as to what exact duties each party owed to the other under the circumstances because those circumstances are unclear and disputed. Although existence of a duty is a question of law for the Court, the Court will not make such a determination until the facts are fully fleshed out at trial. Furthermore, because the Court cannot fully determine what duties the parties owed one another under the circumstances, the Court likewise cannot determine whether Defendant breached her duty or duties. Therefore, the Court denies Plaintiff's motion for summary judgment with respect to the issues of duty and breach.

## II. Comparative Negligence

South Carolina recognizes the doctrine of comparative negligence. *See Nelson v. Concrete Supply Co.*, 399 S.E.2d 783, 784 (S.C. 1991) ("For all causes of action arising on or after July 1, 1991, a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant. The amount of the plaintiff's recovery shall be reduced in proportion to the amount of his or her negligence."). Accordingly, when a plaintiff's negligence contributes to his injuries, he may still recover compensatory damages—so long as his negligence does not exceed that of the defendant's—in an amount reduced in proportion to the plaintiff's own negligence. *Id.*; *see also Davenport v. Cotton Hope Plantation Horizontal Prop. Regime*, 482 S.E.2d 569, 571 (S.C. Ct. App. 1997) ("Stated another way, a plaintiff in South Carolina may recover only if his negligence does not exceed that of defendant's.").

Under South Carolina comparative negligence case law, the Court should grant a motion for summary judgment "if the sole reasonable inference from the evidence is the non-moving party's

7

negligence exceeded fifty percent." *Thomasko*, 561 S.E.2d at 599 (citing *Bloom v. Ravoira*, 529 S.E.2d 710 (S.C. 2000)). However, "[b]ecause the term is relative and dependant on the facts of a particular case, comparing the negligence of two parties is ordinarily a question of fact for the jury." *Id.* (citing *Creech v. S.C. Wildlife & Marine Res. Dep't*, 491 S.E.2d 571, 575 (S.C. 1997)).

Here, Defendant is the non-moving party who raises comparative negligence as a defense. Plaintiff argues that "[t]here is no evidence Plaintiff did anything wrong" because Defendant "testified that she does not know of anything Plaintiff did wrong." Pl.'s Mot. for Summ. J. at 3 (citing Fanslau Dep. at 18:2–5). However, in Defendant's deposition, she claims to have been in her lane at the moment of the collision, Fanslau Dep. at 17:18–21, the inference of which is that Plaintiff improperly entered Defendant's lane. Also, in her response in opposition to summary judgment, Defendant contends that "Plaintiff is comparatively at fault for the accident by failing to operate his vehicle in a manner and at a speed . . . reasonable under the circumstances[.]" Def.'s Resp. in Opp'n at 3–4. In reply, Plaintiff argues that there is "no evidence in the record that Plaintiff was driving at a slow speed." Pl.'s Reply at 1. However, Defendant claims there is an inference that Plaintiff was driving too slow in violation of S.C. Code § 56-5-1560(a)[3] because Plaintiff stated in his deposition that the accident occurred "about 45 minutes into his drive[,]" yet the distance he had traveled up to that point between "South of the Border at the North Carolina and South Carolina line" and the location of the accident at mile marker 186 was only "approximately 19–20 miles[.]"[4] Def.'s Resp. in Opp'n at 4 (citing Wood Dep. at 16:15–17:17, 25:7–10).

---

[3] Section 56-5-1560(a) provides in pertinent part, "[n]o person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law."

[4] Although the Court does not make determinations of credibility on a motion for summary judgment, the Court notes the weakness of the inference Defendant seeks to establish.

Accordingly, viewing the facts in the light most favorable to the non-moving Defendant, there are inferences deducible from the controverted evidence that raise the question of whether Plaintiff contributed to his damages. Furthermore, the Court cannot make the "sole reasonable inference" that Defendant's negligence exceeded fifty percent. Therefore, the Court denies Plaintiff's request to rule against Defendant's defense of comparative negligence.

**III.     Unexpected Emergency**

In further defense of her alleged negligence, Defendant claims that she had a medical emergency causing her to lose consciousness during or prior to the collision. Answer at ¶ 18. In moving for summary judgment on this issue, Plaintiff claims "there is no evidence, other than the defendant's own self-serving testimony, that she lost consciousness[,]" alleging the "more likely scenario is that she fell asleep[.]" Pl.'s Mot. for Summ. J at 3. In response, Defendant states that her written discovery responses include a medical record from December 27, 2016, substantiating her testimony that she has Wolff-Parkinson-White syndrome, which allegedly can cause episodes of unconsciousness.[5] Def.'s Resp. in Opp'n at 3 (citing ECF No. 27-4). This is the only medical record Defendant provides the Court in opposing summary judgment, and it merely states that she has the condition. [ECF No. 27-4]. By way of additional evidence, Defendant testified in her deposition that she had never previously lost consciousness due to her condition. Fanslau Dep. at 10:7–9, 10:24–11:1. However, Defendant fails to offer any further evidence outside her own testimony, such as affidavits, declarations, or depositions from a physician or medical provider, linking her condition to the alleged loss of consciousness.

In *Boyleston v. Baxley*, the South Carolina Supreme Court first recognized "the principle that

---

[5]     In her deposition, Defendant describes the syndrome as "an extra electrical pathway in [her] heart," and stated that she "had an ablation procedure in 2014" to "burn the pathway shut[.]" Fanslau Dep. at 10:17–23.

9

the operator of an automobile is not ordinarily chargeable with negligence because he is suddenly stricken by a fainting spell, or loses consciousness from some other unforeseen cause, and is unable to control the vehicle." 133 S.E.2d 796, 797 (S.C. 1963) (citation omitted). A defendant relying on this principle, "in explanation of apparently negligent conduct, has the burden of proving sudden incapacity[,]" and the evidence must be "sufficient to prove sudden loss of consciousness." *Id.* (citations omitted). Subsequently, in *Collins v. Frasier*, the supreme court considered the sufficiency of evidence a defendant must present in order to prevail on this defense, holding that "a defendant's own, self-serving testimony is insufficient by itself to create a question of fact as to the defense[.]" 662 S.E.2d 464, 466 (S.C. 2008). In that case, the supreme court held that the defendant's own testimony, combined with a doctor's testimony about a likely cause for the incapacity, the defendant's lack of history with the illness, and the potential masking of symptoms, was "sufficient proof of sudden, unforeseeable incapacity to create an issue of fact for the jury[.]" *Id.*

In the case at hand, the Court finds that Defendant's testimony alone about her condition, history with the condition, and loss of consciousness, are insufficient to create a genuine issue of material fact with respect to her unexpected emergency defense. There is no affidavit or deposition testimony of her doctor, and the Court is simply left with her own self-serving testimony. The sole medical record she attaches in opposing summary judgment simply lists her condition; it does not show a connection between it and the incident at issue. There is no further evidence, such as medical provider testimony, to bolster Defendant's own testimony. After a party moving for summary judgment points to an absence of evidence to create a triable issue of fact, the burden shifts to the non-moving party to point "to particular parts of the materials in the record" in opposing summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A). The Court finds that under *Collins v. Frasier*, which requires evidence beyond a party's

own testimony, Defendant fails to meet her burden. Accordingly, the Court grants Plaintiff's motion for summary judgment as to Defendant's unexpected emergency defense.

## IV. Unavoidable Accident

In additional defense of her alleged negligence, Defendant claims that Plaintiff's injuries and damages "could not be avoided" and "bar[s] . . . this action." Answer at ¶ 20. On the motion for summary judgment, the parties' briefing on this issue is lacking. Plaintiff simply argues "the evidence is clear that the wreck was caused by the negligence of Defendant making an improper lane change and striking the rear of Plaintiff's vehicle[,]" Pl.'s Mot. for Summ. J. at 4; however, Plaintiff does not point to evidence in the record supporting this contention; it is a blanket assertion of negligence and proximate cause, which remain at issue. Defendant's response fails to even address Plaintiff's contention about her defense.

In moving for summary judgment, a "party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record[.]" Fed R. Civ. P. 56(c). As the party moving for summary judgment, Plaintiff fails to do so. Accordingly, on this ground, the Court denies Plaintiff's motion for summary judgment with respect to Defendant's unavoidable accident defense.

Although the Court denies the motion for summary judgment on a procedural ground, the Court also denies the motion on an additional ground. Both parties style Defendant's unavoidable accident defense as affirmative. *See* Pl.'s Mot. for Summ. J. at 1; Answer at ¶ 20 (claiming defense bars the action). While it is a defense, it is not an affirmative one. *See Tucker v. Reynolds*, 233 S.E.2d 402, 404–05 (S.C. 1977) ("[T]he assertion of unavoidable accident is not an affirmative defense requiring special proof on the part of [a] defendant."). The burden is on Plaintiff to prove his case, regardless of

11

what evidence Defendant introduces. *See Celotex*, 477 U.S. at 322 (emphasis added) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and *on which that party will bear the burden of proof at trial*."). Accordingly, Plaintiff cannot move for summary judgment on the alleged unavoidable accident defense because he has the burden of proving Defendant's negligence. An unavoidable accident defense simply attacks the causation element of negligence, asserting that the element is completely lacking. *See Collins v. Thomas*, 135 S.E.2d 754, 754 (S.C. 1964) (emphasis added) (reciting the trial court's charge on unavoidable accident: "[a] defendant cannot be held liable for what is called a mere accident or an unavoidable accident, which may be defined as *an occurrence not proximately . . . caused by . . . any negligence* or willfulness on the part of any person."). Therefore, the Court denies Plaintiff's motion for summary judgment on this additional ground.

## Conclusion

For the foregoing reasons, the Court finds that Plaintiff is not entitled to summary judgment on the elements of duty and breach for his negligence claim, Defendant's affirmative defense for comparative negligence, or Defendant's unavoidable accident defense. However, the Court finds that summary judgment is appropriate with respect to Defendant's unexpected emergency defense because she fails to meet her Rule 56(c)(1) burden. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for summary judgment [ECF No. 26], **GRANTING** it with respect to Defendant's unexpected emergency defense, and **DENYING** it with respect to the remaining issues.

**IT IS SO ORDERED.**

Florence, South Carolina  
October 29, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge