IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Peter Wood, | ) | Civil Action No.: 4:17-cv-02749-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Melissa Fanslau, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action was tried before a jury on December 10, 2018.  The jury returned a verdict in favor of the Defendant.  Judgment was entered on December 12, 2018. [ECF No. 62].  This matter is now before the court on Defendant's Bill of Costs filed on December 13, 2018. Plaintiff filed Objections to the Bill of Costs.  Defendant filed a reply and Plaintiff filed a sur-reply.

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).  "Accordingly, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) (citing 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2668 at 232 (3d ed. 1998)).  "To overcome the presumption, a district court 'must justify its decision [to deny costs] by

articulating some good reason for doing so.'" *Cherry*, 186 F.3d at 446 (quoting *Teague v. Bakker*,

35 F.3d 978, 996 (4th Cir. 1994) (internal quotations and citations omitted)).

"Costs may be denied to the prevailing party only when there would be an element of

injustice in a presumptive cost award." *Id.* (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 355

n.14 (1981)).  Factors which may justify refusal by the court to award costs include misconduct by

the prevailing party, the losing party's inability to pay, the excessiveness of the costs claimed, the

limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided.

*See Teague*, 35 F.3d at 996.

Defendant seeks an award of costs in the amount of $5,529.15.  Plaintiff argues that he

prevailed on certain matters and each side should bear their own costs.  For example, Plaintiff

asserts that he prevailed at summary judgment on the defense of unexpected emergency and notes

that Defendant withdrew her comparative negligence defense and admitted duty and breach.

However, Plaintiff did not prevail on his sole claim for negligence.  "To prevail in an action

founded in negligence, the plaintiff must establish three essential elements: (1) a duty of care owed

by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3)

damage proximately caused by a breach of duty." *Vinson v. Hartley*, 477 S.E.2d 715, 720 (S.C. Ct.

App. 1996).  In this case, the jury found that Defendant's negligence did not proximately cause

Plaintiff's damages.  While Plaintiff may have established duty and breach, he did not establish that

his damages were proximately caused by Defendant's breach of duty.  Accordingly, Plaintiff did not

prevail on his negligence claim.  Defendant is clearly the prevailing party and entitled to costs.

Plaintiff has failed to advance a sufficient reason for denying costs to the prevailing party.

Plaintiff contends that if the Court awards costs, the only costs awarded should be the

$400.00 fee paid to the Clerk's Office when the case was removed.

The expenses that may be taxed are listed in 28 U.S.C. § 1920, and include the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

While Defendant is entitled to some costs, she is not entitled to all of the costs she requested. Specifically, Defendant is not entitled to Dr. Edwards's deposition fee ($1,500.00) or Dr. Edwards's fee for review of the records ($500.00). Expert witness deposition fees and fees for reviewing medical records are not recoverable under § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442-45 (1987); *Mayse v. Mathyas*, No. 5:09cv00100, 2010 WL 3783703, at *3 (W.D. Va. Sept. 28, 2010).

Defendant is also not entitled to witness fees for the Defendant's appearance at trial ($988.04). "The expenses of witnesses who are themselves parties normally are not taxable." 10 Wright & Miller, Federal Practice and Procedure § 2678 (3d ed. 1998).

Finally, Defendant is not entitled to recover the cost of mediation ($217.50), legal research

3

($16.74), or postage ($18.90) as those costs are not taxable under 28 U.S.C. § 1920.

Pursuant to Rule 54(d) and 28 U.S.C. § 1920, Defendant is entitled to the following costs:

1).     Fees of the Clerk - $400.00

2).     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case

        - $1,586.16

3)      Fees and disbursements for printing -  $115.60

4)      Fees for exemplification and the costs of making copies of any materials where the copies

        are necessarily obtained for use in the case - $436.21

Total taxable costs: $2,537.97.

## Conclusion

Based on the foregoing, it is hereby **ORDERED** that Defendant's Bill of Costs is **GRANTED**

in the amount of $2,537.97.

**IT IS SO ORDERED.**

January 3, 2019                                          s/ R. Bryan Harwell
Florence, South Carolina                                R. Bryan Harwell
                                                        United States District Judge